IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

WANDA I. SANTIAGO SALICRUP

    Debtor

WANDA I. SANTIAGO SALICRUP

    Plaintiff

vs.

BANCO POPULAR DE PUERTO RICO

    Defendant

CASE NO. 22-02714-ESL

CHAPTER 13

ADV. PROC. 23-00049

OPINION AND ORDER

On July 5, 2023, Debtor/Plaintiff filed the instant Complaint challenging the validity of the mortgage lien held by Banco Popular de Puerto Rico ("BPPR" or "Defendant") and requesting that the same be reclassified to an unsecured interest (Adv. Pro., dkt. #1). The basis for Debtor/Plaintiff's request is that the lien was presented before the Puerto Rico Property Registry for the second time hours after Debtor/Plaintiff filed a petition for relief under the Bankruptcy Code, triggering the automatic stay provisions of 11 U.S.C. § 362(a).

The present action was filed in compliance with this court's Minute Order entered on May 17, 2023, in the bankruptcy case (Bankr. Case, dkt. #80), wherein Debtor/Plaintiff was ordered to file an adversary proceeding challenging BPPR's lien after the parties failed to reach a settlement agreement. The court notes that the litigation before it in this adversary proceeding has been ongoing for over four (4) years, and that the same started when BPPR objected to Debtor/Plaintiff's homestead exemption and requested the court to set aside the order confirming the Chapter 13 plan in a prior petition, Bankr. Case No. 19-06953, which was dismissed on

-1-

September 13, 2022, upon the Chapter 13 Trustee's motion to dismiss for failure to make payments under the confirmed plan (Bankr. Case No. 19-06953, dkt. #112).

The present adversary proceeding came before the court for a preliminary pretrial on January 26, 2024. The parties were granted ninety (90) days to conclude discovery and one hundred and twenty (120) days to file dispositive motions (Adv. Pro., dkt. #22). Although the dispositions at the preliminary pretrial are critical to the pending discovery motions, the same have relevant history concerning inaction by Debtor/Plaintiff.

On November 6, 2023, the court issued an Order and Notice rescheduling the preliminary trial originally scheduled for November 17, 2023, to January 26, 2024, via Microsoft Teams (Adv. Pro., dkt. #16). Three (3) days before the rescheduled preliminary pretrial, that is, on January 23, 2024, Debtor/Plaintiff filed two (2) motions: a motion for entry of an order to file a motion for summary judgment and protective orders regarding discovery (Adv. Pro., dkt. #18) and a motion for continuance of the preliminary pretrial hearing (Adv. Pro., dkt. #19). In the first, Debtor/Plaintiff requested twenty (21) days to file a motion for summary judgment and stated that a motion for protective order regarding the discovery requests would also be filed. In the motion for continuance, Debtor/Plaintiff requested "that matters in the case be held in abeyance until resolution of the Summary Judgment to be filed and motions on discovery and that the Hearing scheduled for this Friday, January 26, 2024[,] be rescheduled without a date" (Adv. Pro., dkt. #19, p. 1).

Defendant opposed both motions on January 24, 2024, under Fed. R. Civ. P. 26, made applicable to adversary proceeding under Fed. R. Bankr. P. 7026 (Adv. Pro., dkt. #20). Defendant also made specific allegations regarding Debtor/Plaintiff's failure to comply with discovery requests. These are:

1. That Plaintiff made no such certification on her Motions. Furthermore, she made no reasonable and good-faith effort to reach an agreement with opposing counsel on the matter of discovery. To the contrary, on December 7, 2023, the Defendant submitted to Wanda I. Santiago-Salicrup, through her counsel, via electronic mail a Request for Production of Documents under Rule 34 of the Federal Rules of Civil Procedure and

First Set of Interrogatories under Rule 33 of the Federal Rules of Civil Procedure. The 30-day period to answer expired on January 7, 2024.

2. On January 12, 2024, Defendant sent to Plaintiff's counsel a communication informing that the 30-day period had expired, and that Defendant expected to receive the answers and documents by January 16, 2024.

3. On January 16, 2024, Defendant sent another communication to plaintiff, through her counsel, informing plaintiff that Defendant expected the answers and documents to be produced by that day.

On January 18, 2024, counsels for Defendant and Plaintiff held a telephone conference to discuss the matter of the pending discovery which plaintiff had not complied with. During said call, instead of resolving issues of discovery the conversation between counsels went sideways, and Defendant's request to have a definitive timeframe to receive plaintiff's answers went unanswered. The Federal Rules of Civil Procedure provide litigants with various discovery tools to establish material facts underlying the case. Discovery extends to matters that are relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

4. On January 18, 2024, Defendant's counsel sent a letter to Plaintiff's counsel "to reach out to you in good faith to confer about your client's failure to answer the discovery request. Since the responses to the discovery requests are now 12 days past due, I would like to resolve this discovery matter amicably before filing a Motion to Compel. Please provide your client's responses within the next seven calendar days – January 25, 2024."

5. Plaintiff did not respond to the letter or conferred with Defendant's counsel. Instead, Plaintiff filed the Motions.

Adv. Pro., dkt. #20, p. 2, ¶¶ 2-7. Debtor/Plaintiff's motions were denied on January 24, 2024, for the reasons stated in the opposition filed by BPPR (Adv. Pro., dkt. #21).

On March 4, 2024, BPPR filed a motion "to compel answers to first set of interrogatories and responses to requests to produce documents pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure" (the "Motion to Compel", Adv. Pro., dkt. #26, p. 1). A legal memorandum and declaration under penalty of perjury of Juan C. Salichs Pou in support thereof were filed therewith. BPPR specifically requests that the court enters: "an order compelling Plaintiff, Wanda I Santiago-Salicrup, to answer by March 15, 2024, at 12:00 p.m. the First Set of Interrogatories and Request for Production of Defendant, and to order the Plaintiff to pay Defendant its reasonable expenses, including attorney's fees, incurred in the preparation of the instant motion and memorandum. If Plaintiff, fails to do so answer or produce, this Court should

-3-

order such sanctions against Wanda I. Santiago-Salicrup as permitted under Rule 37(d)(1)(A)(ii) for her failure to serve her answers, objections, or written response and the Orders listed in Rule 37(b)(2)(A)(i)—(vi), specifically striking pleadings in whole or in part, dismissing the action, rendering default judgment against the disobedient party, prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. In the event, Plaintiff complies with the discovery required of him, Defendant requests that the Order issued by this Court on January 26, 2024, be amended to extend the discovery termination day by 38-days from the original 90-day period since January 26, 2024" (id., p. 6). The court agrees with the legal analysis exposed in the Motion to Compel.

BPPR's motion had a fourteen (14) day objection period, which lapsed. Thereafter, on March 25, 2024, BPPR moved the court to adjudicate "as unopposed the motion to compel answers to request for admissions and request for production of documents at Docket No. 26 against plaintiff" (Adv. Pro., dkt. #27, 1), and, thus, "(1) deem that Plaintiff waived the right to controvert the facts asserted by Defendant in support of its motion; (2) to order the Plaintiff to pay Defendant its reasonable expenses, including attorney's fees, incurred in the preparation of the instant motion, and the motion to compel and the memorandum therein; and (3) to sanction Wanda I. Santiago-Salicrup as permitted under Rule 37(d)(1)(A)(ii) for her failure to serve her answers, objections, or written response and the Orders listed in Rule 37(b)(2)(A)(i)—(vi), specifically by striking pleadings in whole or in part, dismissing the action, rendering default judgment against her, prohibiting her from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" (id., p. 4).

On the same date, Debtor/Plaintiff filed an urgent motion stating, in four terse sentences, that they had not answered the discovery motion due to being under medical treatment and that the "Court had ordered a period of time to conclude discovery" (Adv. Pro., dkt. #28, p.1). Debtor/Plaintiff prayed the court to hold in abeyance BPPR's motion for a period of fourteen (14) days "to allow counsel to respond correctly in light of her temporary incapacity and the time period scheduled for discovery which has not elapsed" (id.).

BPPR replied on March 26, 2024, stating that Debtor/Plaintiff failed to inform the court and defendant of her personal health situation, and further failed to inform how the same would interfere with the management of the case and the pending "discovery requests dating back to December 7, 2023" (Adv. Pro., dkt. #29). BPPR argued that the undocumented illness does not justify Debtor/Plaintiff's silence and failure to comply with or object to the discovery requests sent on December 7, 2023.

On April 2, 2024, Debtor/Plaintiff filed a motion to inform that she had the impression that the time to answer the interrogatories was ninety (90) days as ordered in the minutes of the preliminary pretrial (Adv. Pro., dkt. #22) and that she has not been able to contact Defendant's counsel (Adv. Proc., dkt. #30). On April 15, 2024, more than a month after BPPR filed the Motion to Compel (Adv. Proc., dkt. #26), Debtor/Plaintiff filed a reply thereto, praying the court to take notice of the following: "1. Counsel is requesting remedies regarding discovery. 2. Counsel even requests expenses. 3. Plaintiff strongly opposes this motion. 4. The alleged inaction by the Plaintiff relates to an interrogatory. 5. This Honorable court had granted ninety (90) days to finish discovery. 6. The plaintiff is submitting answers and objection within this term. 7. This alleged interrogatory is filled with questions that are protected by attorney's client privilege. 8. Plaintiff requests that at this time the motion be denied" (Adv. Pro., dkt. #31, p. 1). The basis for Debtor/Plaintiff's alleged opposition are not included in the reply, neither is cause shown for the extension requested.

DISCUSSION

The sequence of events in this case show that Debtor/Plaintiff has misconstrued the time period to conclude discover ordered by the court on January 26, 2024 (Adv. Pro., dkt. #22). The court granted a ninety (90) day period to conclude discovery and a one hundred and twenty (120) day period to file dispositive motions (id.). Such periods provided Debtor/Plaintiff with a more ample timetable to comply with its intentions of prosecuting the present action. As of this date, Debtor/Plaintiff has filed neither a motion for protection against discovery nor a motion for

summary judgment.[1] If the facts were so clear and the matter only a legal issue as proffered by Debtor/Plaintiff, the motion for summary judgment should have already been filed. Also, if the discovery requests were inappropriate, the same should have been challenged pursuant to the applicable rules. Debtor/Plaintiff has not shown good cause for her failure to comply with the discovery requests. Failure to comply with discovery carries consequences. Debtor/Plaintiff's replies to Defendant's Motion to Compel (Adv. Pro., dkt. #26) and to the Minutes of the preliminary pretrial hearing (Adv. Pro., dkt. #22) fail to plead with particularity the grounds, facts, and basis for the conclusions in the same. Moreover, the same lack any legal support to contradict the ones alleged by Defendant.

The applicable law dispositive of the issues before the court is in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") made applicable to adversary proceedings by the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."). In sum, Fed. R. Civ. P. 26 provides for the general provisions governing discovery, Fed. R. Civ. P. 33 provides for the serving of interrogatories, Fed. R. Civ. P. 34provides for the production of documents, and Fed. R. Civ. P. 36governs requests for admissions. Should a party fail to make the requested disclosures or cooperate in discover, Fed. R. Civ. P. 37provides for sanctions on such party. These rules are the basis for BPPR's Motion to Compel and to adjudicate the same as unopposed.

A party upon whom a request for discovery is served must responds to the same within thirty (30) day. See Fed. R. Civ. P. 34(b). Failure to do so may constitute a waiver. See Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8 (1st Cir. 1991). The court has discretion to extend the time for responding to a discovery request or on the sanctions it may impose if the plaintiff shows good cause. See Crispin-Taveras v. Municipality of Carolina, 647 F. 3d 1, (1st Cir. 2011). "Sanctions under [Fed. R. Civ. P.] 37(b) are appropriate once it is established that a party has failed to comply with a valid discovery order." In re Luis Diesel Services, Inc., 2018 WL 2102322 (B.A.P. 1st Cir. 2018), quoting, In re Bushay, 327 B.R.695, 703 (B.A.P. 1st Cir. 2005).

---

[1] This court notes that Debtor/Plaintiff filed a motion on May 28, 2024, requesting twenty-one (21) days to file a dispositive motion (Adv. Proc., dkt. #32). However, such motion lacks any further information on the basis for such requests.

Dismissal for violation of a discovery order is within the court's discretion upon thoughtful consideration of all applicable factor. See *e.g.*, Benitez-Garcia v. González-Vega, 468 F.3d 1 (1st Cir. 2006). However, it is the Debtor/Plaintiff's burden in this case to show that good cause existed for the non-compliance with the discovery request and the sanctions requested by defendant BPPR. See Ramos-López v. United States, 2024 WL 531277 (D.P.R. 2024).

Considering the history of the controversy between the parties in the two (2) bankruptcy petitions filed, the reasons for filing the present action, and the "cause" (or lack thereof) shown, the court finds there is no reasonable excuse to not comply with Defendant's discovery requests. The unfounded conclusory statements made by Debtor/Plaintiff do not come close to a showing of good cause for not complying with such discovery requests. More than (5) months have elapsed since BPPR served its written discovery request on Debtor/Plaintiff on December 7, 2023, which had a thirty (30) day respond time. More than ninety (90) days have elapsed since this court's minute order of January 26, 2024, consequently, the discovery period granted by this court has concluded. Further, more than thirty (30) days have elapsed since the Debtor/Plaintiff's reply on April 15, 2024, and Debtor/Plaintiff has failed to show that BPPR's discovery requests have been complied with or objected to in accordance with the Fed. R. Civ. P or otherwise made a showing of good cause for their failure do so. Therefore, the court grants the motions filed by the Defendant BPPR on March 4, 2024 (Adv. Pro., dkt. #26) and March 25, 2024 (Adv. Pro., dkt. #27).

CONCLUSION

In view of the foregoing, the court sanctions Debtor/Plaintiff for her failure to comply with the discovery requests by defendant BPPR and dismisses the present Complaint (Adv. Pro., dkt. #1) for noncompliance with a discovery order. Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of June 2024.

Enrique S. Lamoutte
United States Bankruptcy Judge