IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

WANDA I. SANTIAGO SALICRUP

   Debtor

WANDA I. SANTIAGO SALICRUP

  Plaintiff

vs.

BANCO POPULAR DE PUERTO RICO

  Defendant

CASE NO. 22-02714-ESL

CHAPTER 13

ADV. PROC. 23-00049

FILED & ENTERED AUG/29/2024

OPINION AND ORDER

This adversary proceeding is before the court upon the *Motion Requesting Reconsideration of the Opinion and Order Dismissing Case Entered on Docket Number 33 and Related Judgment Docket Number 34* filed by the Debtor/Plaintiff on June 18, 2024 (dkt. #43) (the "*Motion for Reconsideration*"), and the *Opposition to Motion for Reconsideration* filed by Banco Popular de Puerto Rico ("BPPR" or "Defendant") on July 11, 2024 (dkt. #46) (the "*Opposition*").

FACTUAL AND PROCEDURAL BACKGROUND

1.    On June 3, 2024, the court entered an *Opinion and Order* (dkt. #33) sanctioning Debtor/Plaintiff's failure to comply with BPPR's discovery request by dismissing the instant adversary proceeding for noncompliance with this court's discovery order (dkt. #22).

2.    *Judgment* (dkt. #34) was entered that same date, June 3, 2024.

3.    The Debtor/Plaintiff filed the *Motion for Reconsideration* on June 18, 2024 (dkt. #43), that is, fifteen (15) days after entry of both the *Opinion and Order* (dkt. #33) and the *Judgment* (dkt. #34).

-1-

The factual and procedural background to the issue before the court is detailed in the *Opinion and Order* (dkt. #33) from which reconsideration is sought. Consequently, the court incorporates the same and makes such a part of the instant opinion and order.

<u>POSITION OF THE PARTIES</u>

I.      <u>Debtor/Plaintiff's Position</u>

Debtor/Plaintiff alleges that, although the Defendants filed a motion to compel answers to request for admissions and request for production of documents (dkt. #26), no request for admissions was sent to Debtor/Plaintiff's counsel. Debtor/Plaintiff also argues that, pursuant to what was ordered by the court in the minutes of the pretrial held on January 26, 2024 (dkt. #22), the parties had ninety (90) days to conclude discovery and that is why she did not timely respond to Defendant's motion to compel discovery (dkt. #26). The Debtor/Plaintiff further states that she answered Defendant's *Motion for Entry of Order to Adjudicate as Unopposed Motion to Compel Answers to Request for Admissions and Request for Production of Documents* (dkt. #27) by informing BPPR that compliance would be accomplished within the time allowed in the January 26, 2024, minutes (dkt. #30 and #31).

Debtor/Plaintiff states that she complied with the Defendant's written discovery requests on April 25, 2024, and that there was never a request for admissions, only an interrogatory. However, due to a clerical mistake, Plaintiff's counsel did not inform the court of the compliance. Notwithstanding, Debtor/Plaintiff alleges that "[t]he Production of Documents had no documents that the Plaintiff could produce, except income information regarding the Means Test Forms and Schedules. This information has already been analyzed by the Trustee and the documents filed in the lead case are accurate" (dkt. #30, ¶20).

The Debtor/Plaintiff states that "[i]n its Opinion and Order, this Honorable Court stated that the Debtor/Plaintiff misconstrued the time in which the discovery was concluded. But it also confirmed that it is an uncontested fact that the Court, in its discretion, extended the time to respond to discovery" (<u>id.</u>, ¶18). Also, "this Honorable Court decided based on a Motion filed by Defendant that was misleading. The Defendant never sent a Request for Admissions" (<u>id.</u>, ¶19).

The Debtor/Plaintiff also addresses the merits of the controversy based on the available documents, and that the "main issue of this case, which was not disputed or rebutted by BPPR, is that the Mortgage Deed that is the basis for Defendant's claim was presented after the filing of the instant case before the Registry of the Property" (id., ¶28). "The Defendant should not be allowed to mislead this Honorable Court as to remedies. Also, the nature of the Interrogatory should be considered. The same does not have substantial questions that may be answered by a debtor and is filled with irrelevant or privileged questions" (id., ¶29).

The Debtor/Plaintiff requests that the "Order entered on docket number 33 and corresponding Judgment on docket number 34 be vacated and set aside given the Defendant mislead this Honorable Court as to the discovery it sent to counsel, the Plaintiff did comply with the Answer to the Interrogatory and the actual discovery requested was completely irrelevant to the issues at hand" (id., ¶25). The Debtor/Plaintiff notes that a request for summary judgment is being filed; and that the dismissal of this proceeding "would result in another proceeding to be filed by Trustee given that the issue of a secure claim based on a Mortgage Deed presented in the Registry of the Property after filing date is an issue that affects unsecured creditors and the Trustee directly" (id., ¶27).

II.     Defendant BPPR's Position

BPPR opposes Debtor/Plaintiff's contention that no request for admissions had been sent to counsel stating that "[a]fter reviewing the title of Docket no. 26, the Court can clearly distinguish that Defendant's motion title had an error in the title caption, but when you read the text of the motion Defendant clearly reference Rule 33 of the Fed. R. Civ. P., and not Rule 36" (dkt. #46, p. 4).

"Defendant stated it clearly in its Memorandum in Support of Motion to Compel Answers to Defendant's Request for Admissions (sic) and Request for Production of Documents (Docket no. 26) that it sought an order for Plaintiff to comply with Fed. R. Civ. Proc. Rules 33 and 34 regarding Interrogatories and Request to Produce Documents. Nothing more. It was clear that Defendant served Plaintiff with discovery on December 7, 2023, and Plaintiff's failed to answer.

-3-

Plaintiff chose to litigate, and even to this day she tries to change the rules to suit her narrative. She allowed the 30-day period under Rule 33 and Rule 34 to expire, even after Defendant's counsel in good faith provided Plaintiff with additional time to answer, she ignored it at her own peril" (id., pp. 4-5).

Defendant further argues that since the Debtor/Plaintiff filed the *Motion for Reconsideration* after the fourteen-day period in Fed. R. Civ. P. 59(e), the same must be considered under Fed. R. Civ. P. 60(b). However, "Plaintiff failed to specify under which clause of Rule 60(b) the Honorable Court should review her request for relief. Therefore, the Court is left to interpret which provision of Rule 60(b) Plaintiff seeks reversal of the Judgment" (id., p. 5). They further argue that Plaintiff "does not state with any specific how Defendant allegedly mislead the Court in its filings, she merely makes a reference in passing without expanding or citing a single provision of the memorandum in support for the discovery compliance order" (id., pp. 5-6).

The Defendant submitted the following detailed analysis of the inapplicability of Fed. R. Civ. P. 60(b) to the facts of this case:

> Since it is unclear from Plaintiff's Motion for Reconsideration to determine which of the clauses of Rule 60(b) she seeks the relief from the final order of this Court: (1) Rule 60(b)(1) (excusable neglect), Rule 60(b)(2) (newly discovered evidence), Rule 60(b)(3) (fraud), Rule 60(b)(4) (void order); Rule 60(b)(5) (satisfaction); or Rule 60(b)(6) (any other reason that justifies relief), we must address each of them independently. Based on our reading of the Plaintiff's Motion for Reconsideration, this Court can easily rule out the first five of Rule 60(b) as potential sources of legal authority.

> a. FRCP60(b)(1) is Not Applicable Because Plaintiff Failed to Satisfy the Burden of Proof for Her Relief

> Pursuant to FRCP 60(b)(1), a court may relieve a party from an order upon showing that both the final judgment or order in question was entered by "mistake, inadvertence, surprise, or excusable neglect" and a showing of "exceptional circumstances." In re Otero Rivera, Adversary No. 11–00043 (ESL), at *2, 2014 WL 6983403 (Bankr. D.P.R. 2014) (E.S. Lamoutte, B.J.) Even assuming, arguendo, that Plaintiff had properly made her application pursuant to FRCP 60(b)(1), which she did not, none of the foregoing showings are present here, and Plaintiff is not entitled to relief under FRCP 60(b)(1). The circumstances under

which Plaintiff asserts her plead to vacate the judgment of dismissal under a Rule 60(b) is that she misconstrued the time in which the discovery was concluded. Plaintiff does not attempt to make any arguments with the words, "mistake, inadvertence, surprise or excusable neglect" from FRCP 60(b)(1) because she cannot find the grounds to justify such extraordinary remedy. She only uses the words to quote the text of Rule 60(b). As we indicated before, she uses the word mislead", but that is misleading as Plaintiff uses the term out of context and without any support on the record.

The Court issued an Order that discovery would be completed by April 26, 2024. The Plaintiff intentionally stalled and delayed the discovery process, forcing the Defendant to jump through numerous hoops trying to get the Plaintiff to comply with her obligation to answer interrogatories and produce documents. Not only did she not answer Defendant's requirements in a timely fashion, but her answers were incomplete, evasive and dismissive of the Defendant's right to prove that Plaintiff's adversary proceeding, and her second bankruptcy case, was not filed in good faith as required by the Bankruptcy Code and the principles of bankruptcy, but as a mechanism to correct a procedural mistake in her initial bankruptcy case.

Under Fed. R. Civ. P. 60(b)(1) "the court may relieve a party … from a final judgment, order, or proceedings for … mistake, inadvertence, surprise, or excusable neglect." In re Teran Racamonde, 526 B.R. 89, 91 (Bkrtcy. D. Puerto Rico, 2015). If the Court were to give Plaintiff the benefit to interpret her motion as based on Rule 60(b)(1) (excusable neglect)1, then the "excuse" provided by Plaintiff fails the standards of a Rule 60(b). [Footnotes omitted.]

> b.      FRCP 60(b)(2) and (5) are Not Applicable, Plaintiff failed to Satisfy the Burden of Proof for Relief or Exceptional Circumstances.

Pursuant to FRCP 60(b)(2), a party seeking relief from an order must make a showing of both "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" and "a showing of exceptional circumstances." Giroux v. Federal Nat. Mortg. Ass'n, 810 F.3d 103, 107 (1st Cir. 2016); Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe, 257 F.3d 58, 63-64 (1st Cir. 2001). Plaintiff does not cite any newly discovered evidence under Rule 60(b)(2). FRCP 60(b)(2) does not apply because Plaintiff never alleged that there exists any new evidence or that some could not have been discovered within the 14-day timeframe in which Plaintiff could bring a motion pursuant to FRCP 59(b).

Similarly, FRCP 60(b)(5) does not apply because no "judgment has been satisfied, released, or discharged," the Judgment or the Opinion and Order is not "based on an earlier judgment that has been reversed or vacated," and Debtor makes no argument that applying the Judgement or the Opinion and Order "prospectively is no longer equitable".

As there are no arguments in Plaintiff's Motion for Reconsideration pertaining to "newly discovered evidence," or that the Judgment "has been satisfied, released, or discharged," or that "it is based on an earlier judgment that has been reversed or vacated," or that "applying it prospectively is no longer equitable," Plaintiff is not entitled to relief from the Judgment pursuant to FRCP 60(b)(2) or (5).

        c.     <u>FRCP 60(b)(3) is Not Applicable, Plaintiff Failed to Satisfy the Heavy Burdens of Proof for Relief under FRCP 60(b)(3)</u>

Under FRCP 60(b)(3), a party must show "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," in addition to the requisite "exceptional circumstances." <u>West v. Bell Helicopter Textron, Inc.</u>, 803 F.3d 56, 66-67 (1st Cir. 2015); <u>Giroux v. Fed. Nat'l Mortg. Ass'n</u>, 810 F.3d 103, 106 (1st Cir. 2016). Neither of the foregoing showings are present here, and Plaintiff is not entitled to relief under FRCP 60(b)(3).

Plaintiff makes broad, sweeping allegations that that Defendant mislead the Court "as to the discovery it sent to counsel". These allegations should be disregarded as no evidence was presented that Defendant made any misleading statements to the Court in its motions. Plaintiff should know better than to make spurious attacks without a shred of evidence. We attribute such conduct to desperation. To the contrary, Defendant documented the exact type of discovery it sought, and it was Plaintiff unresponsiveness in the discovery sought by Defendant that caused this Court to dismiss the case. Certainly, she does not recur to make an argument for fraud or misrepresentation under Rule 60(b)(3). Plaintiff has clearly failed to do the bare minimum to support her request for relief under FRCP 60(b)(3).

        d.     <u>FRCP 60(b)(4) is Not Applicable, Plaintiff Failed to Satisfy the Heavy Burdens of Proof for Relief under FRCP 60(b)(4)</u>

Plaintiff also does not argue that the judgment is void under Rule 60(b)(4). Plaintiff admits that she failed to adhere to the discovery process, including to adequately communicate in the discovery process. ¶31 at Page 8 of Motion for Reconsideration. Defendant had to seek a Court order to force the Plaintiff to comply with the discovery process. Therefore, since Plaintiff does not argue that the Judgment is void, Plaintiff is not entitled to relief from the Judgment pursuant to FRCP 60(b)(4).

        e.     <u>FRCP 60(b)(6) is Not Applicable, Plaintiff Failed to Satisfy the Heavy Burdens of Proof for Relief under FRCP 60(b)(6)</u>

While Rule 60(b)(6) appears to broadly grant relief, to invoke Rule 60(b)(6) the party must demonstrate that there are extraordinary circumstances justifying relief. See <u>E. Sav. Bank fsb v. Lafata (In re Lafata)</u>, 344 B.R. 715, 722 (B.A.P. 1st Cir. 2006).

In the present case, the request of the Plaintiff is based on an alleged inadvertence. However, most courts have interpreted the "excusable neglect" component of the rule and frame "inadvertence" as a factor of "excusable neglect". See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) (interpreting "excusable neglect" in Rule 9006(b)(1) of the Bankruptcy Rules). See footnote 1 above. In Pioneer, 507 U.S. at 392, the United States Supreme Court stated that "inadvertence, ignorance, or other such excuses" do not usually constitute 'excusable' neglect". In this case, the Plaintiff admits that the excusable neglect was her failure to file a timely motion to reconsider and vacate the Judgment or to timely file a motion to alert the Court that she had made a halfhearted effort to comply with discovery by filing on the eve of the expiration of the Court's discovery order of January 26, 2024. She admits that her counsel made a "calendar error" in failing to file the reconsideration and admits that due to a clerical mistake Plaintiff did not inform the Court in a timely matter that she submitted incomplete and cagy answers to the discovery request, but that alone does not constitute "excusable neglect." See Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 356–57 (5th Cir.1993).

Here, the Plaintiff did not meet her burden of demonstrating that her failure to timely file a motion for reconsideration or to inform the Court appropriate was something other than carelessness of her attorney. For that reason alone, Plaintiff cannot claim to have met the "excusable neglect" or "extraordinary circumstances" component under either Rule 60(b)(1) or Rule 60(b)(6).

" "Attorneys act for their clients, and the neglect of an attorney acting within the scope of his or her authority is attributable to the client." Rivera v. Lake Berkley Resort Master Ass'n (In re Rivera), 2014 Bankr. LEXIS 4976, at *6, 2014 WL 6983403 (Bankr. D.P.R. 2014) (quoting Nansamba v. North Shore Med. Ctr., Inc., 727 F.3d 33, 38 (1st Cir. 2013)). "'[N]either ignorance nor carelessness by a party or his attorney is a proper basis for [Rule 60(b)(6)] relief ....' " Cohen v. Abramowitz, 549 B.R. 316, 326 (W.D. Pa. 2016) (quoting In re Slomnicki, 243 B.R. 644, 655 (Bankr. W.D. Pa. 2000))." In re Rodriguez Cossio, 16-05295 (EAG), 2019 WL 1423082, at *3 (Bankr. D.P.R. March 28, 2019) (E.A. Godoy, B.J.).

"Unfortunately for . . . routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect." Negron v. Celebrity Cruises, Inc., 316 F.3d 60, 62 (1st Cir. 2003). Attorneys act for their clients, and the neglect of an attorney acting within the scope of his or her authority is attributable to the client. See Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir.1992) (rejecting argument that attorney's sins should not be visited upon client). "At a bare minimum, a party who seeks relief from judgment on the basis of excusable neglect must offer a convincing explanation as to why the neglect was excusable." Nansamba, 727 F.3d 33, 39. A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (citation omitted), see also Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006)

-7-

(citations omitted). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." Morán- Vega v. Rivera-Hernández, 381 F.Supp.2d 31, 36 (D.P.R. 2005) (Domínguez, J.).

Plaintiff's argument failed to meet the threshold of FRCP 60(b)(6), and therefore is not an available avenue for relief, if any, for the Plaintiff.

f.    Bankruptcy Process Abuse

The two fundamental principles of bankruptcy are (1) to provide an honest but financially distressed debtor a fresh start and (2) to insure an equitable dividend to claimants, if one is available. Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934).

Occasionally, debtors attempt to abuse the bankruptcy process by filing and quickly refiling petitions for relief without successful completion of the prior bankruptcy case. That is the case before this Honorable Court.

In her prior bankruptcy case, the Plaintiff failed to answer numerous orders from the Honorable Court, as to why she failed to complete the payments under the previously approved Chapter 13 plan of reorganization. The Honorable Court granted the Plaintiff's numerous requests for additional time to comply with the Order to show cause, but after more than 3 months Plaintiff never answered the Honorable Court. Plaintiff clearly did not want the Honorable Court, nor the Chapter 13 Trustee, nor any creditor to know that she diverted her limited resources from the payment of creditors under a duly approved plan of reorganization to other matters the Plaintiff deemed personally more important. However, an order has the force of law, and an Order confirming Plan binds the Plaintiff.

As this Court knows, Section 1329(a) (1) of the Bankruptcy Code permits modification of a confirmed Plan. However, to obtain such a modification, the Plaintiff must satisfy the requirements of §§ 1322(a), 1322(b), 1323(c) and the good faith requirement of 1325(a), all of which are made applicable to motions to modify by § 1329(b). A debtor who proposes a modification which is necessitated by his or her own post-confirmation misconduct, neglect or unjustified failure to comply with the confirmed plan or confirmation order does not meet the good faith requirement of § 1325(a). The confirmation order required the Plaintiff to make the monthly plan payments, and Plaintiff violated the confirmation order by failing to pay the Chapter 13 Trustee under the plan. Her unfortunate predicament which prompted the failure to comply with the confirmed plan and her eventual dismissal, and immediate filing within minutes of the dismissal was an orchestration to fix the procedural mistakes of Plaintiff's first bankruptcy case regarding her homestead.

According to the Plaintiff, as she cagily answered in the limited discovery submitted, she purportedly diverted funds allocated under the confirmed plan to pay her creditors, to care for her father, and then she accumulated arrears which

cause the bankruptcy to be dismissed. This Court can take judicial knowledge of the filings made by the Plaintiff in her prior bankruptcy and make its own conclusions regarding the truthfulness of her answers to the Court. We sympathize with the Plaintiff, but actions have consequences. The Plaintiff did not request the Honorable Court to amend the confirmed plan or to modify the confirmed plan.

Plaintiff choose to ignore the confirmation order to cover non-plan expenses to the detriment of the creditors, and the principles of bankruptcy. The Plaintiff never informed the Honorable Court that her father's issues created a hardship, which made it difficult for her to stay current on her monthly plan payments.

Defendant did not file this adversary proceeding, Plaintiff did, and she refused to comply with numerous requirements sought by the Defendant in a timely manner, clearly obfuscating and delaying to conceal the true reasons for filing this second bankruptcy case and the adversary proceeding. Defendant had no other remedy but to seek the dismissal of the case to exercise its right to defend itself. To the extent that Plaintiff now uses the reconsideration mechanism, after having failed to file a reconsideration in the proper time frame provided by the Fed. Rules of Bankruptcy Procedure, and files an ad hoc Motion for Reconsideration as a mere litigation tactic of delay, this Honorable Court should not tolerate this type of motion practice. Given that the motion is silent as to the grounds under which the reconsideration is being sought, and that even if arguendo it is considered as a reconsideration under Rule 60, Plaintiff's claims to reverse this Court's rulings are still deficient, lack merit and should be summarily denied.

Id., pp. 7-15.

## APPLICABLE LAW AND ANALYSIS

A.     Motion for Reconsideration Standard under Fed. R. Civ. P. 59(e), 60(b)

Motions for reconsideration "are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure in haec verba." In re Mujica, 470 B.R. 251, 253 (Bankr. D.P.R. 2012), aff'd, 492 B.R. 355 (D.P.R. 2013). See also Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir.1990), cert. denied 510 U.S. 859 (1993), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075–76 (5th Cir.1994); In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999), aff'd, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), aff'd, 17 F. App'x 5 (1st Cir. 2001), citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Portugues–Santa v. B. Fernandez Hermanos, Inc., 614 F.Supp.2d 221, 225 (D.P.R. 2009); In re Martinez, 2013 WL 3808076, at *4 (Bankr. D.P.R. 2013); In re Acosta, 497 B.R. 25, 31 (Bankr. D.P.R. 2013). Rather, federal courts have considered motions so denominated

as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief of judgment or order under Fed. R. Civ. P. 60(b). See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)).

"These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen (14)] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Pabon Rodriguez, 233 B.R. at 219, quoting Van Skiver, 952 F.2d at 1243.

"The substance of the motion, not the nomenclature used, or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. 109, 112–113 (Bankr. D.P.R. 2012). Thus, for example, even if filed within the time limit for a motion under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of "excusable neglect" will be treated as a Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for a party to undo its own procedural failures. See In re Lozada Rivera, 470 B.R. at 113, citing 12–60 Moore's Federal Practice Civil § 60.03. Also see United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164–165 (1st Cir.2004) (even if timely filed under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of excusable neglect will be treated as Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for party to undo its own procedural failures); Jennings v. Rivers, 394 F.3d 850, 854–856 (10th Cir. 2005) (a motion timely filed under Fed. R. Civ. P. 59(e) but asserting ground for relief specified under Fed. R. Civ. P. 60(b), should be evaluated under standards applicable to Fed. R. Civ. P. 60(b) motions).

The court agrees with BPPR's position that the *Motion for Reconsideration* was filed after the fourteen-day period of Fed. R. Civ. P. 59(e) and must be considered under Fed. R. Civ. P. 60(b). The court also agrees with BPPR's conclusion that Debtor/Plaintiff's motion fails to meet any of the requirements in Fed. R. Civ. P. 60(b).

B.    Discussion

After a thorough review of Debtor/Plaintiff's *Motion for Reconsideration*, the *Opposition* filed by Defendant BPPR, the *Opinion and Order* entered on June 3, 2024 (dkt. #33), the court finds and concludes that the arguments raised by the parties regarding the nature of the written discovery request were duly considered by the court in its *Opinion and Order*, which is made a part hereof and attached for ready reference. Consequently, the court was not induced to error by the caption of the motion to compel at dkt. #26. Furthermore, although Debtor/Plaintiff now claims to have answered Defendant's written discovery requests within the period provided by the court for the conclusion of discovery, her failure to properly and timely advocate her cause does not warrant reconsideration. Thus, and due to Debtor/Plaintiff's failure to meet or otherwise plead the legal grounds for her request for reconsideration under of Fed. R. Civ. P. 60(b), the court declines to revisit the decision to dismiss the adversary proceeding as a sanction for Debtor/Plaintiff's failure to comply with the discovery requests. The Debtor/Plaintiff's conclusory statements do not show good cause for not complying with the discovery requests. Whatever actions the Chapter 13 trustee opts to undertake will be considered by the court, if so requested.

CONCLUSION

In view of the foregoing, Debtor/Plaintiff's *Motion for Reconsideration* (dkt. #43) is hereby denied. The adversary proceeding stands dismissed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of August 2024.

Enrique S. Lamoutte
United States Bankruptcy Judge

-11-